08-2549-cv
Rajcoomar v. Wal-Mart Stores East, L.P.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twentieth day of January, two thousand and ten.

PRESENT:

AMALYA L. KEARSE,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LLOYD RAJCOOMAR,

     *Plaintiff-Appellant,*

     -v.-                                                    No. 08-2549-cv

WAL-MART STORES EAST, L.P.,

     *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**FOR PLAINTIFF-APPELLANT:**                LLOYD RAJCOOMAR, Middletown, NY, *pro se.*


**FOR DEFENDANTS-APPELLEES:**               ERIC D. WITKIN (Joel L. Finger, *on the brief*) Littler Mendelson P.C., New York, NY.

Appeal from an April 15, 2008 order of the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-appellant Lloyd Rajcoomar ("Rajcoomar"), who was represented by counsel in the District Court proceedings, appeals *pro se* from an order of the District Court granting summary judgment in favor of defendant-appellee Wal-Mart Stores East, L.P. ("Wal-Mart"), in Rajcoomar's action alleging that Wal-Mart discriminated against him because of his national origin, race, and color, and then retaliated against him for making related complaints, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the New York State Human Rights Law, Executive Law § 290 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Rajcoomar argues that the District Court erred in granting summary judgment in favor of defendant because (1) material questions of fact existed that require a jury to weigh the evidence, and (2) the District Court did not consider the totality of the circumstances in making its determination.

We review *de novo* the District Court's decision to grant summary judgment and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See, e.g.*, *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008); *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). No genuine issue of fact exists when the moving party demonstrates, by pleadings and submitted evidence, that no rational juror could find in the non-movant's favor. *See Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

To establish a prima facie case of retaliation under Title VII, plaintiff must show that: (1) they engaged in a protected activity; (2) his employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity. *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 608 (2d Cir. 2006). If a plaintiff meets this burden, then the defendant must point to evidence of a legitimate, non-retaliatory reason for the challenged employment decision. The burden of production then shifts back to the plaintiff to offer evidence sufficient to permit a rational fact-finder to conclude that the defendant-employer's explanation is merely a pretext for impermissible retaliation. *Cifra v. G.E. Co.*, 252 F .3d 205, 216 (2d Cir. 2001).

In the instant case we assume, as the District Court did, that Rajcoomar established a prima facie case of retaliation, *see* SPA at 11 (Memorandum and Order, Apr. 15, 2008), and we agree with the District Court that Rajcoomar did not put forth sufficient evidence from which a reasonable fact-finder could conclude that Wal-Mart's legitimate reasons for its "disciplinary" actions were a pretext for unlawful retaliation. *See Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 130-31 (2d Cir. 1996) (affirming grant

2

of summary judgment on claim for retaliatory discharge where "[d]efendant came forward with several legitimate reasons for the decision to fire plaintiff," including complaints about her performance and her inability to take direction from supervisors, and plaintiff "put forth no evidence to show that defendant's asserted reasons for the [decision] were pretextual"). We therefore conclude that the District Court did not err in awarding summary judgment to defendant.

We have considered each of plaintiff's remaining arguments and find them to be without merit.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3